# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
---------------------------------------------------------------X
INSURANCE COMPANY OF GREATER
NEW YORK,

                     Plaintiff,

   -against-

BERKSHIRE HATHAWAY DIRECT INSURANCE
COMPANY, AMGUARD INSURANCE COMPANY,
AZGUARD INSURANCE COMPANY,
EASTGUARD INSURANCE COMPANY,
NORGUARD INSURANCE COMPANY, AND
WESTGUARD INSURANCE COMPANY,

                     Defendants.
---------------------------------------------------------------X

Index No.: 655612/2024

**SECOND AMENDED
SUMMONS**

Plaintiff designates New York County as the place of trial. Basis of venue is Plaintiff's location.

To the above-named Defendants:

    ***YOU ARE HEREBY SUMMONED*** to answer the Complaint in this action and to serve a copy of your answer, or, if the Complaint is not served with this summons, to serve a notice of appearance on the Plaintiff's attorney within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in the case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the Complaint.

Dated: Omaha, NE
       April 18, 2025

**GERBER CIANO KELLY BRADY, LLP**
*Attorneys for Plaintiff*


By: /s/ *MaKenna J. Stoakes*
    MaKenna J. Stoakes, Esq.

**Office Address**
1299 Farnam Street, Suite 300
Omaha, NE  68102
Phone:   (402) 260-1728
Fax:     (646) 350-1901

**Mailing Address**
P.O. Box 1060
Buffalo, NY 14201

**TO:**   Berkshire Hathaway Direct Insurance Company
     1314 Douglas Street, Ste 1400
     Omaha, NE 68102

     AmGuard Insurance Company
     39 Public Square
     Wilkes-Barre, PA 18701

     WestGuard Insurance Company
     39 Public Square
     Wilkes-Barre, PA 18701

     EastGuard Insurance Company
     39 Public Square
     Wilkes-Barre, PA 18701

     NorGuard Insurance Company
     39 Public Square
     Wilkes-Barre, PA 18701

     AZGuard Insurance Company
     39 Public Square
     Wilkes-Barre, PA 18701

By mail: New York State Department of Financial Services
Corporate Affairs Unit
One Commerce Plaza – 20th Floor
Albany, New York 12257

3

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
---------------------------------------------------------------X
INSURANCE COMPANY OF GREATER
NEW YORK,

                           Plaintiff,

  -against-

BERKSHIRE HATHAWAY DIRECT INSURANCE
COMPANY, AMGUARD INSURANCE COMPANY,
AZGUARD INSURANCE COMPANY,
EASTGUARD INSURANCE COMPANY,
NORGUARD INSURANCE COMPANY, AND
WESTGUARD INSURANCE COMPANY,

                           Defendant.
---------------------------------------------------------------X

Index No.: 655612/2024

**SECOND AMENDED
VERIFIED COMPLAINT**

Insurance Company of Greater New York ("GNY"), by and through its undersigned attorneys, as and for its Complaint against Berkshire Hathaway Direct Insurance Company ("Berkshire"), AmGuard Insurance Company, AZGuard Insurance Company, EastGuard Insurance Company, Norguard Insurance Company, and WestGuard Insurance Company, (collectively the "Guard Entities") alleges:

THE PARTIES

1.    GNY is an insurance company formed under the laws of the State of New York, with a principal place of business in New York and a license to issue insurance policies within the State of New York.

2.    Upon information and belief, Berkshire is a corporation organized under the laws of the State of Nebraska with its principal place of business in the State of Nebraska.

3.    Upon information and belief, AmGuard Insurance Company ("AmGuard") is, and at all relevant times was, a foreign corporation with a place of business at 39 Public Square, Wilkes-Barre, PA 18703, is also known as Guard Insurance Company and is engaged in, inter

4

alia, the insurance business in New York State, and at all relevant times was authorized to issue insurance policies in New York State.

4. Upon information and belief, WestGuard Insurance Company ("WestGuard") is, and at all relevant times was, a foreign corporation with a place of business at 39 Public Square, Wilkes-Barre, PA 18703, is also known as Guard Insurance Company and is engaged in, inter alia, the insurance business in New York State, and at all relevant times was authorized to issue insurance policies in New York State.

5. Upon information and belief, EastGuard Insurance Company ("EastGuard") is, and at all relevant times was, a foreign corporation with a place of business at 39 Public Square, Wilkes-Barre, PA 18703, is also known as Guard Insurance Company and is engaged in, inter alia, the insurance business in New York State, and at all relevant times was authorized to issue insurance policies in New York State.

6. Upon information and belief, AZGuard Insurance Company ("AZGuard") is, and at all relevant times was, a foreign corporation with a place of business at 39 Public Square, Wilkes-Barre, PA 18703, is also known as Guard Insurance Company and is engaged in, inter alia, the insurance business in New York State, and at all relevant times was authorized to issue insurance policies in New York State.

7. Upon information and belief, Norguard Insurance Company ("Norguard") is, and at all relevant times was, a foreign corporation with a place of business at 39 Public Square, Wilkes-Barre, PA 18703, is also known as Guard Insurance Company and is engaged in, inter alia, the insurance business in New York State, and at all relevant times was authorized to issue insurance policies in New York State.

5

## JURISDICTION AND VENUE

8. This Court has personal jurisdiction over Berkshire under CPLR §§ 301 and 302. Berkshire transacts business within the State of New York and issued insurance policies at issue in this action within the State of New York.

9. This Court has personal jurisdiction over the Guard Entities under CPLR §§ 301 and 302. The Guard Entities transact business within the State of New York and issued insurance policies at issue in this action within the State of New York.

10. This Court has subject-matter jurisdiction over this action. This Court has exclusive original jurisdiction over the controversy herein within the State of New York.

11. Venue lies in this district under CPLR § 503(a). GNY has a principal place of business within the County of New York and Berkshire and the Guard Entities issued the insurance policy at issue in this action to an insured located in the State of New York.

## THE UNDERLYING LAWSUIT

12. Miguel A. Morales Guaman ("Guaman") filed a lawsuit against Terris Realty, LLC ("Terris") styled *Miguel A. Morales Guaman v. Terris Realty, LLC*, New York Supreme Court, New York County, Index No. 159259/2021 (the "Underlying Lawsuit").

13. Guaman claims in the Underlying Lawsuit that he was working for Adelphi Restoration Corp. ("Adelphi") as a carpenter on May 19, 2021, when he was injured while using an angle grinder that was defective.

14. Guaman alleges in the Underlying Lawsuit that Terris Realty, LLC ("Terris") was the owner of the premises upon which Guaman was injured, located at 115 East 61st Street, New York, New York ("Premises").

15. Notwithstanding Guaman's allegation that he was injured while working for Adelphi, upon information and belief, Guaman was injured during the course of his employment with W.E.L, a subcontractor of Alelphi.

16. Guaman's causes of action against Terris are based on Terris' alleged negligence and violations of New York Labor Laws and New York Industrial Codes.

17. Terris filed third-party complaints against Adelphi (on March 14, 2022) and against W.E.L. (on July 12, 2024) seeking common law indemnification, contribution, contractual indemnification and alleging breach of contract for failure to procure insurance.

18. The third-party complaints alleged that to the extent Terris is found liable for Guaman's injuries, such liability was due to W.E.L.'s actions and work at the Premises.

THE CONTRACTS

19. On February 1, 2020, Adelphi, as a Contractor, entered into an agreement and addendum with Doctors Owning Corporation ("Doctors Owning"), as Owner, for a leak repair at the Premises (the "Agreement").

20. The addendum to the Agreement states that "the Contractor shall procure and shall deliver to Owner certificates of insurance as provided herein. . . Contractor shall maintain . . . Commercial General Liability Insurance . . ."

21. The addendum to the Agreement states that "such policies of Insurance shall contain the following endorsements: . . . (i) An endorsement naming Owner, Owner's managing agent, and any mortgagee as additional insureds . . ."

22. Upon information and belief, Doctors Owning's managing agent for the Premises was Terris.

23. The addendum to the Agreement states:

**5. Indemnification**. In addition to, and not in limitation of the insurance provisions contained in paragraph 4 herein, the Contractor agrees: (a) except for the amount, if any, of damage contributed to, caused by or resulting from the negligence of the Owner, the Contractor shall defend, indemnify and hold harmless the Owner, the Owner's managing agent, . . . harmless from and against all liability, damage loss, claims, demands and actions relating to personal injury, wrongful death or property damage which arise out of or are connected with, or are claimed to arise out of or be connected with the performance of the Work by the Contractor or any act or omission of the Contractor whether occurring at the Project site or in the vicinity thereof; and (b) to provide defense for an defend, at its sole expense, any and all claims, demands or causes of action directly or indirectly arising out of this Agreement and to bear all other costs and expenses related thereto."

24.   On June 9, 2020, Adelphi, as Contractor, further entered into a contract with W.E.L., as Subcontractor, for façade repairs on the Premises (the "Subcontract").

25.   The Subcontract states the following:

**5. Subcontractor's Insurance**
<u>Comprehensive General Liability</u> insurance … with respect to bodily injury … including coverage for all of the following:

…

6. Subcontractors' General Liability policy shall be endorsed to include Blanket Additional Insured Endorsement CG2033 7/04 and CG2047 7/04 or acceptable equivalent forms. Subcontractor is required to include as additional insureds the Owner, the Contractor and any other additional insured in the Owner/Contractor Agreement for ongoing work and completed operations; the additional insured coverage is on a primary and non-contributory basis, the Contractor's policy is excess of the Subcontractor's insurance; and the Contractor's insurance shall not be called upon to contribute to the Subcontractor's insurance….

26.   The Subcontract provides:

**4. Indemnification and Subcontractor's Liability**
To the fullest extent permitted by law, Subcontractor shall indemnify and hold harmless Contractor and its directors, officers, employees, agents and representatives, the owner, and all other parties the Contractor is obligated to indemnify and hold harmless in the Owner/Contractor Agreement for work performed under this contract from and against all claims, damages, losses and expenses, including, but not limited to, attorney's fees, arising out of or resulting from the performance of Subcontractor's Work, provided that such claims, damage, loss or expense is attributable to body injury … regardless of whether or not it is caused in part by a party indemnified hereunder…

8

27. GNY issued Commercial General Liability Policy No. 6131M92639 to Doctors Owning, effective April 28, 2021 to April 28, 2022 (the "GNY Policy").

28. May 19, 2021 falls within the policy period of the GNY Policy.

29. GNY is providing a defense to Terris against the Underlying Lawsuit under the GNY Policy.

30. On information and belief, Berkshire and the Guard Entities issued Commercial General Policy No. WEBP193610 to W.E.L., effective September 19, 2020 to September 19, 2021 (the "Guard Policy").

31. On information and belief, May 19, 2021 falls within the policy period of the Guard Policy.

32. On information and belief, Terris meets the definition of an additional insured under the Guard Policy.

33. GNY provided written notice of the Underlying Lawsuit to Guard.

34. In that written notice, GNY requested that Terris be provided with primary defense and indemnity coverage under the Guard Policy in connection with the Underlying Lawsuit.

35. GNY also requested that Berkshire and the Guard Entities acknowledge common law and contractual indemnification obligations owed to Terris in connection with the Underlying Lawsuit.

36. Berkshire and the Guard Entities have failed to accept the tender for defense and indemnification of Terris.

AS AND FOR A FIRST CAUSE OF ACTION
(DECLARATORY JUDGMENT – DUTY TO DEFEND)

37. GNY repeats, reiterates, and realleges each and every allegation in the foregoing paragraphs as if fully set forth herein again at length.

9

38. Upon information and belief, Terris meets the definition of and is an additional insured on the Guard Policy.

39. Upon information and belief, the liability alleged in the Underlying Lawsuit falls within the scope of defense coverage available to Terris under the Guard Policy.

40. Upon information and belief, the allegations against Terris in the Underlying Lawsuit are not excluded from defense coverage under the Guard Policy, and Berkshire and the Guard Entities have not raised the potential applicability of any exclusionary clause to bar defense coverage for Terris.

41. Upon information and belief, all conditions precedent to defense coverage under the Guard Policy as related to Terris are met, and Berkshire and the Guard Entities have not raised the potential applicability of any condition precedent as a bar to defense coverage for Terris.

42. Upon information and belief, the Guard Policy applies on a primary basis for the defense coverage available to Terris in connection with the Underlying Lawsuit, with the GNY Policy applying in excess of the Guard Policy.

43. An actual dispute and controversy exist between the parties hereto concerning Berkshire's defense obligation owed to Terris under the Guard Policy.

44. The parties have no adequate remedy at law.

45. A declaratory judgment under CPLR § 3001 is necessary and appropriate to determine the rights and duties of the parties.

AS AND FOR A SECOND CAUSE OF ACTION
(DECLARATORY JUDGMENT – DUTY TO INDEMNIFY)

46. GNY repeats, reiterates and realleges each and every allegation in the foregoing paragraphs as if fully set forth herein again at length.

47. Upon information and belief, Terris meets the definition of an additional insured under the Guard Policy.

48. Upon information and belief, the liability alleged in the Underlying Lawsuit falls within the scope of indemnity coverage available to Terris under the Guard Policy.

49. Upon information and belief, the allegations against Terris in the Underlying Lawsuit are not excluded from indemnity coverage under the Guard Policy and Berkshire and the Guard Entities have not raised the potential applicability of any exclusionary clause to bar indemnity coverage for Terris.

50. Upon information and belief, all conditions precedent to indemnity coverage under the Guard Policy as related to Terris are met and Berkshire and the Guard Entities have not raised the potential applicability of any condition precedent as a bar to indemnity coverage for Terris.

51. Upon information and belief, the Guard Policy applies on a primary basis for the indemnity coverage available to Terris in connection with the Underlying Lawsuit.

52. Upon information and belief, Berkshire and Guard have waived and/or are estopped from raising any coverage defenses it may have under the Guard Policy pursuant to New York Insurance Law § 3420(d) and common law.

53. An actual dispute and controversy exist between the parties hereto concerning Berkshire's and the Guard Entities' indemnification obligation owed to Terris under the Guard Policy.

54. The parties have no adequate remedy at law.

55. A declaratory judgment under CPLR § 3001 is necessary and appropriate to determine the rights and duties of the parties.

11

## AS AND FOR A THIRD CAUSE OF ACTION
## (REIMBURSEMENT – DEFENSE-RELATED COSTS AND EXPENSES)

56. GNY repeats, reiterates and realleges each and every allegation in the foregoing paragraphs as if fully set forth herein again at length.

57. Upon information and belief, Berkshire and the Guard Entities wrongfully failed to provide defense coverage to Terris against the Underlying Lawsuit on a primary basis.

58. Upon information and belief, Berkshire's and the Guard Entities' failure to afford defense coverage to Terris for the Underlying Lawsuit on a primary basis breached the terms of the Guard Policy.

59. As a direct and proximate result of Berkshire's and the Guard Entities' failure to provide defense coverage in violation of its obligations set forth in the Guard Policy, Terris has incurred and GNY has paid defense-related costs and expenses.

60. Berkshire and the Guard Entities are liable to pay damages in the form of all defense-related costs and expenses that GNY has paid on behalf of Terris in connection with the Underlying Lawsuit, from the date of initial tender to present, plus interest.

## AS AND FOR A FOURTH CAUSE OF ACTION
## (EQUITABLE CONTRIBUTION – DUTY TO DEFEND)

61. GNY repeats, reiterates and realleges each and every allegation in the foregoing paragraphs as if fully set forth herein again at length.

62. GNY has paid, and likely will continue to pay, substantial amounts of money in connection with the defense of Terris in connection with the Underlying Lawsuit.

63. Upon information and belief, Berkshire has an obligation to provide, among other things, primary defense coverage to Terris including defense-related costs and expenses incurred by GNY on behalf of Terris in connection with the Underlying Lawsuit.

12

64. GNY is entitled to and Berkshire and the Guard Entities are liable for, equitable contribution from Berkshire and the Guard Entities with respect to defense-related costs and expenses that have been or will be incurred on behalf of Terris in connection with the Underlying Lawsuit.

WHEREFORE, GNY respectfully requests that the Court enter judgment:

1. Declaring that Berkshire and the Guard Entities owe primary duties to defend and indemnify Terris in connection with the Underlying Lawsuit;

2. Ordering Berkshire and the Guard Entities to pay damages in an amount to be proven at trial;

3. Ordering Berkshire and the Guard Entities to reimburse defense-related costs and expenses incurred on behalf of Terris, and paid by GNY, in connection with the Underlying Lawsuit;

4. Ordering Berkshire and the Guard Entities to pay interest under Article 50;

5. Ordering Berkshire and the Guard Entities to pay costs under Article 50; and

6. Awarding reasonable attorneys' fees, costs, interests and disbursements to GNY plus interest; and

7. Ordering such other and further relief as this Honorable Court deems just, equitable and proper.

13

Dated: Omaha, NE
April 18, 2025

**GERBER CIANO KELLY BRADY, LLP**
*Attorneys for Plaintiff*

/s/ *MaKenna J. Stoakes*
MaKenna J. Stoakes, Esq.

**Office Address**
1299 Farnam Street, Suite 300
Omaha, NE 68102
Phone (402) 260-1728
Fax    (646) 350-1901

**Mailing Address**
P.O. Box 160
Buffalo, NY 14201

14

## VERIFICATION

STATE OF NEBRASKA)
                 ) ss:
COUNTY OF DOUGLAS)

I, MaKenna J. Stoakes, an attorney duly admitted to practice before the Courts of the State of New York, hereby affirms the following to be true under penalty of perjury:

I am associated with **GERBER CIANO KELLY BRADY. LLP**, attorneys of record for the Plaintiff in the above action.

I have read the annexed *AMENDED VERIFIED COMPLAINT* and know the contents thereof. The same is true to my own knowledge, except as to the matters stated therein to be alleged upon information and belief, and as to those matters, I believe them to be true. The reason this Verification is made by me and not by Plaintiff, is that Plaintiff resides outside of the state in which I maintain my law office.

The grounds of my belief as to all matters not stated therein upon my own knowledge are as follows: a review of the file maintained by this office, books records and investigation.

Dated: Omaha, NE
    April  18, 2025                           **GERBER CIANO KELLY BRADY, LLP**
                                                *Attorneys for Plaintiff*

                                                By: /s/ *MaKenna J. Stoakes*
                                                        MaKenna J. Stoakes, Esq.

                                                      **Office Address**
                                                      1299 Farnam Street, Suite 300
                                                      Omaha, NE  68102
                                                      Phone (402) 260-1728
                                                      Fax    (646) 350-1901

                                                      **Mailing Address**
                                                      P.O. Box 1060
                                                      Buffalo, NY 14201