UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
------------------------------ X
INSURANCE COMPANY OF GREATER :     1:25-cv-06243-JGK
NEW YORK
                         *Plaintiff*, :

                           v. :

BERKSHIRE HATHAWAY DIRECT :
INSURANCE COMPANY, AMBUARD
INSURANCE COMPANY, AZGUARD
INSURANCE COMPANY, EASTGUARD
INSURANCE COMPANY, NORGUARD
INSURANCE COMPANY, and
WESTGUARD INSURANCE COMPANY
                        *Defendant*. :
------------------------------ X

## REPORT OF RULE 26(f) MEETING AND PROPOSED CASE MANAGEMENT PLAN

In accordance with Federal Rule of Civil Procedure 26(f), counsel for the parties spoke on August 18, 2025, and exchanged communications thereafter and submit the following report of their meeting for the Court's consideration:

**Summary of Claims, Defenses and Relevant Issues:**

**Plaintiff:**

On October 8, 2021 Miguel A. Morales Guaman ("Guaman") filed a lawsuit against Terris Realty, LLC ("Terris") styled *Miguel A. Morales Guaman v. Terris Realty, LLC*, New York Supreme Court, New York County, Index No. 159259/2021 (the "Underlying Lawsuit"). Guaman claims in the Underlying Lawsuit that he was working for Adelphi Restoration Corp. ("Adelphi") as a carpenter on May 19, 2021, when he was injured while using an angle grinder that was defective. The property where Guaman was injured was owned by Terris.

On February 1, 2020, Adelphi entered into an agreement with Doctors Owning Corporation for leak repair. GNY issued a Commercial General Liability Policy to Doctors Owning that was effective on the date of the accident. GNY is providing a defense in the underlying action to Terris.

Defendants issued a Commercial General Policy to W.E.L., who it is believed was the actual employer of Guaman. It is the Plaintiff's position that Terris falls within the definition of an additional insured on the Defendants' policy.

**Defendant:**

The plaintiff's claim that Terris is an additional insured under Policy No. WEBP193610 issued to W.E.L., effective September 19, 2020 to September 19, 2021 (the "NorGUARD" Policy') should be dismissed because the underlying action for which coverage is sought does not trigger coverage under the NorGUARD Policy. Furthermore, to the extent that Terris has insurance coverage from another source, any insurance that may be owed to it under the NorGUARD Policy is secondary to such other insurance available to Terris. Finally, the Complaint should be dismissed by Plaintiff as against defendants other than NorGUARD because NorGUARD is the only defendant that issued an insurance policy relevant to this lawsuit.

**Basis of Subject Matter Jurisdiction:** Diversity.

**Subjects on Which Discovery May Be Needed:**

**Plaintiff:**

1. All documents evidencing the contractual relationship between Plaintiff and Defendant.
2. All documents, reports, writings, correspondences etc., regarding Defendant's duty to defend Plaintiff in the underlying matter.

**Defendant:**
1. All documents evidencing the contractual relationship between Plaintiff and Defendant.
2. All documents, reports, writings, correspondences etc., relating to the relationship between Terris and Doctor's Owning Corporation.
3. All sources of insurance coverage available to Terris and documents, reports, writings, correspondences etc., relating to such coverage.

**Initial Disclosures:**

The information required by Rule 26(a)(1) of the Federal Rules of Civil Procedure will be disclosed by Plaintiff and Defendants on September 8, 2025.

**Formal Discovery:**

The parties jointly propose to the Court the following discovery plan:

All fact discovery must be completed by February 13, 2026.

The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The following interim deadlines may be extended by the parties on consent without application to the Court, provided that the parties meet the deadline for completing fact discovery set forth in 5(a) above.

**Interrogatories:** Initial sets of interrogatories shall be served on or before September 30, 2025. All subsequent interrogatories must be served by November 14, 2025.

**Requests for Production:** Initial requests for production were/will be exchanged on September 30, 2025, and responses shall be due on November 14, 2025. All subsequent requests for production must be served no later than 30 days before the discovery deadline.

Requests for Admission: Requests for admission must be served on or before December 2, 2025.

**Depositions:** Depositions shall be completed by January 23, 2026. Absent an agreement between the parties or an order from the Court, non- party depositions shall follow initial party depositions.

**Supplementation**: Supplementations under Rule 26(e) must be made within a reasonable period of time after discovery of such information.

### Anticipated Discovery Disputes:

Are there any anticipated discovery disputes? Does either party seek limitations on discovery? Describe.
N/A

### Expert Witness Disclosures:

At this time, the parties anticipate utilizing experts. Expert discovery shall be completed as follows:
   (a) Expert Reports: Experts shall submit their Expert Reports on or before March 16, 2026.
   (b) Rebuttal Reports: Opposing experts shall submit their Rebuttal Reports on or before April 16, 2026.
   (c) Expert Depositions: Depositions of experts shall be held on or before May 8, 2026.
   (d) Post-Deposition Demands: Any post-deposition demands shall be served on the opposing party's expert within thirty (30) days of the expert's deposition.
   (e) Post-Deposition Demand Responses: All responses to post-deposition demands shall be served within thirty (30) days of receipt of the demands.

### Electronic Discovery and Preservation of Documents and Information:

Have the parties discussed electronic discovery? Yes.

Is there an electronic discovery protocol in place? If not, when the parties except to have one in place? The parties reserve the right to discuss and stipulate to a required protocol in the event that a party deems electronic discovery necessary.

Do the parties want the Court to enter a Rule 502(d) Order? Yes.

Will parties enter into a Protective Order? Discussions regarding the necessity of a Protective Order are ongoing and, if a Protective Order is needed necessary, one will be submitted no later than the end of fact discovery on February 13, 2026.

If yes, the Protective Order shall be submitted no later than February 13, 2026.

**Are there issues the parties would like to address concerning preservation of evidence and/or electronic discovery at the Initial Case Management Conference?**

_____N/A_____

**Anticipated Motions:**

None at this time

**Early Settlement or Resolution:**

The parties have discussed the possibility of settlement. The parties request a settlement conference by no later than June 30, 2026. The following information is needed before settlement can be discussed:

Insurance coverage: policies, contracts assigning risk and indemnification

**Status Letter:**

The parties shall file a joint letter regarding the status of discovery on _____date to be determined by the Court.

**Other Matters:**

Respectfully submitted this 25th day of August, 2025

*Nicolette Tuntigian*

Gerber Ciano Kelly Brady LLP
By: Nicolette Tuntigian, Esq.
Counsel for Plaintiff
1352 Franklin Ave, Suite 500
Garden City New York 10601
Ph: 516-366-1657

*Jeremy A. Berman*

Russo & Gould LLP
By: Jeremy A, Berman, Esq.
Counsel for Plaintiff
33 Whitehall Street, 16th Floor
New York, New York 10004
Ph: 212-482-0001