UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

---------------------------------- X
INSURANCE COMPANY OF GREATER : 1:25-cv-06243-JGK
NEW YORK
                          *Plaintiff*, :

                            v. :

BERKSHIRE HATHAWAY DIRECT :
INSURANCE COMPANY, AMGUARD
INSURANCE COMPANY, AZGUARD
INSURANCE COMPANY, EASTGUARD
INSURANCE COMPANY, NORGUARD
INSURANCE COMPANY, and
WESTGUARD INSURANCE COMPANY

                        *Defendant.* :
---------------------------------- X

## CLAWBACK AGREEMENT

**WHEREAS**, Plaintiff Insurance Company of Greater New York ("GNY") and Defendants Berkshire Hathaway Direct Insurance Company ("Berkshire"), AmGUARD Insurance Company, AzGUARD Insurance Company, EastGUARD Insurance Company, NorGUARD Insurance Company, and WestGUARD Insurance Company (collectively the "Parties" and individually a "Party") jointly agree to facilitate the production and use of documents in the above-captioned matter and to protect the Parties against waiver of the attorney-client privilege or work product doctrine protections attaching to those documents ("Discovery Materials") by entering this agreement (the "Clawback Agreement");

**WHEREAS**, the Parties recognize that inadvertent disclosure of Discovery Materials that are subject to a claim of attorney-client privilege or work product protection (collectively, the "Privileged Discovery Materials") is possible; and

**WHEREAS**, the Parties understand and agree that disclosure of Privileged Discovery Materials pursuant to this Clawback Agreement will not prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of attorney-client or work product protection.

**IT IS HEREBY AGREED AND ORDERED** that:

1. This Agreement shall be interpreted to provide the maximum protection allowed by Federal Rules of Evidence 502(d) and 502(e). Thus, a Party's disclosure or production of any Privileged Discovery Materials in this proceeding in accordance with this Clawback Agreement shall not prejudice or otherwise be deemed itself to constitute a waiver of, or estoppel as to, any claim of attorney-client privilege or work product protection over those materials provided that the Party producing such Privileged Discovery Materials has taken reasonable steps to avoid inadvertent production of such materials.

2. The Parties, in accordance with this Clawback Agreement, agree to take reasonable steps to avoid the inadvertent production of Privileged Discovery Materials.

3. The inadvertent disclosure of Privileged Discovery Materials in this proceeding shall not prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of attorney-client privilege or work product protection in any respect.

4. The Parties further agree to the following undertakings and procedures should it appear that any Privileged Discovery Materials have been inadvertently produced.

    a. A Party who receives any Discovery Materials that, upon review by such Party, appear on their face to be Privileged Discovery Materials agrees to: (i) refrain from any further examination or disclosure of such material pending confirmation by the Producing Party that such material is not Privileged Discovery Materials; and (ii) provide written notice within five

    (5) business days of discovery to counsel for the party that produces the document (the "Producing Party") that such document appears to be Privileged Discovery Materials. Upon receiving that written notice, the Producing Party agrees to provide written notice within five (5) business days to the other Party indicating whether the document in question constitutes Privilege Discovery Materials.

 b. A Producing Party agrees to make a claim of inadvertent privilege production within five (5) business days upon the earlier of: (i) receiving notice under paragraph 5 (a) concerning such material: or (ii) otherwise becoming aware of the inadvertent production of such material. If a Producing Party complies with this paragraph, such Party shall be deemed to have acted timely and adequately to rectify any inadvertent disclosure of Privileged Discovery Materials.

 c. After the Producing Party has either: (i) confirmed to the receiving Party that a document is Privileged Discovery Materials; or (ii) made a claim that Privileged Discovery Materials were inadvertently produced, the receiving Party agrees to return all copies of the Privileged Discovery Materials, delete any versions of the Privileged Discovery Materials it maintains, and make no use of the information contained provided the receiving Party agrees with the claim of privilege or protection.

 d. If a receiving Party does not agree with a claim of privilege and the Parties are unable to reach a resolution on their own, the determination as to whether the claimed documents are privileged shall be submitted

to and decided by the court. The decision of the court shall be final. The Party seeking the clawback shall initiate the proceedings with the Court.

5. Nothing in this Clawback Agreement shall:

   a. Require any Party to produce or disclose any Privileged Discovery Materials;

   b. Waive any Party's right to conduct limited pre-production review of Discovery Materials prior to producing such materials;

   c. Except as expressly stated herein, modify any prior agreements among the Parties concerning the conduct of discovery in this proceeding, including but not limited to, agreements regarding the collection of Discovery Materials from certain custodians or the use of search terms to identify potentially responsive documents; or

   d. Prevent any Party from arguing that a waiver of an attorney-client or work product protection has occurred from circumstances other than disclosure of Discovery Materials pursuant to this Clawback Agreement.

6. The Parties further agree that this Clawback Agreement, upon application, may be enforced by the court and any order relating thereto entered by the court relating to this Clawback Agreement may be enforced by any court of competent jurisdiction.

7. This Clawback Agreement applies only to Discovery Materials produced by the Parties and does not apply to Discovery Materials produced by non-parties.

8. The Parties agree to be bound by the terms of this Clawback Agreement, and any violation of its terms shall be subject to the same sanctions and penalties as if this Clawback Agreement has been entered by the court.

9. Subject to any applicable court rule, the provisions of this Clawback Agreement shall, absent any contrary ruling by the court, continue to be binding throughout and after the conclusion of the case, including without limitation any post judgment proceedings.

10. Nothing in this Clawback Agreement shall preclude any Party from seeking judicial relief, upon notice to the Parties, regarding any provision hereof.

11. This Clawback Agreement may be executed by PDF or conformed signature and may be executed in one or more counterparts, each of which shall be deemed to constitute an original, but all of which together shall constitute one agreement.

Dated: September 30, 2025

_____
Counsel for Insurance Company of Greater New York

Dated: September 30, 2025

_____
Counsel for Berkshire Hathaway Direct Insurance Company, AmGUARD Insurance Company, AzGUARD Insurance Company, EastGUARD Insurance Company, NorGUARD Insurance Company, and WestGUARD Insurance Company

**SO ORDERED:**

Dated: 10/1, 2025
New York, New York

_____
HON. JOHN G. KOELTL
United States District Judge